## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

EDITH SCHLAIN WINDSOR, in her
capacity as Executor of the Estate of THEA
CLARA SPYER,

            Plaintiff,

      vs.

THE UNITED STATES OF AMERICA,

          Defendant.

Case No. 1:10-cv-8435 (BSJ) (JCF)

ECF Case

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF THE UNOPPOSED MOTION OF THE BIPARTISAN LEGAL
## ADVISORY GROUP OF THE U.S. HOUSE OF REPRESENTATIVES
## TO INTERVENE FOR A LIMITED PURPOSE

### INTRODUCTION

Plaintiff Edith Schlain Windsor asks this Court to declare "unconstitutional as applied to

[her]," under the equal protection component of the Due Process Clause of the Fifth Amendment,

Section III of the Defense of Marriage Act ("DOMA"), Pub. L. No. 104-199, 110 Stat. 2419

(Sept. 21, 1996), 1 U.S.C. § 7.  *See* Amended Complaint at 21-22 (Feb. 2, 2011).  As the Court is

aware, ordinarily it is the duty of the executive branch to "take Care that the Laws be faithfully

executed," U.S. Const. art. II, § 3, and of the Department of Justice in particular, in furtherance

of that responsibility, to defend the constitutionality of duly enacted federal laws when they are

challenged in court.  DOMA, of course, is such a law.

DOMA was enacted by the 104th Congress in 1996.  The House and Senate bills which

became DOMA passed by votes of 342-67 and 85-14, respectively.  *See* 142 Cong. Rec. H7505-

06 (July 12, 1996) (House vote on H.R. 3396), *and* 142 Cong. Rec. S10129 (Sept. 10, 1996)

(Senate vote on S. 1999).  President Clinton signed the bill into law on September 21, 1996.  *See*

32 Weekly Comp. Pres. Doc. 1891 (Sept. 21, 1996).

While the Department has repeatedly defended the constitutionality of Section III of

DOMA in the intervening years -- *see, e.g.*, Corrected Brief for the United States Department of

Health and Human Services, *et al*. (Jan. 19, 2011), in *Commonwealth of Massachusetts v. United*

*States Department of Health and Human Services, et al.*, Nos. 10-2204, 10-2207, 10-2214 (1st

Cir.) (pending) -- the Attorney General announced on February 23, 2011 that the Department

would no longer do so.  In particular, he announced that the Department would not defend the

statute's constitutionality in this case.  *See* Letter from Eric H. Holder, Jr., Attorney General, to

Kerry Kircher, General Counsel (Feb. 23, 2011), attached as Exhibit 1.[1]  At the same time, the

Attorney General articulated his intent to "provid[e] Congress a full and fair opportunity to

participate in the litigation in [the] cases [at issue]."  *Id.* at 5-6.

In response, the Bipartisan Legal Advisory Group of the U.S. House of Representatives

(hereinafter, "the House"), which articulates the institutional position of the United States House

of Representatives in litigation matters, formally determined on March 9, 2011 to defend the

statute in civil actions in which Section III's constitutionality has been challenged.  *See* Press

Release, Speaker of the House John Boehner, *House Will Ensure DOMA Constitutionality Is*

*Determined by Courts* (March 9, 2011) ("House General Counsel has been directed to initiate a

---

[1]  In so announcing, the Attorney General acknowledged that (i) *nine* U.S. circuit courts
of appeal have rejected his conclusion that sexual orientation classifications are subject to a
heightened standard of scrutiny under the Equal Protection Clause, *id*. at 3-4 nn.4-6, and (ii)
"professionally responsible" arguments can be advanced in defense of the statute.  *Id*. at 5
(appearing to draw distinction between arguments deemed to be "reasonable" and those that are
merely "professionally responsible").

legal defense of [Section III of DOMA]"), *available online at*

http://www.speaker.gov/News/DocumentSingle.aspx?DocumentID=228539.  While the House

most often appears in judicial proceedings as *amicus curiae*,[2] it also intervenes in judicial

proceedings where appropriate.  *See, e.g.*, *North v. Walsh*, 656 F. Supp. 414, 415 n.1 (D.D.C.

1987); *American Federation of Government Employees v. United States*, 634 F. Supp. 336, 337

(D.D.C. 1986).  In particular, the House has intervened to defend the constitutionality of federal

statutes when the Department has declined to do so.  *See, e.g.*, *INS v. Chadha*, 462 U.S. 919, 930

n.5 (1983); *Adolph Coors Co. v. Brady*, 944 F.2d 1543, 1545 (10th Cir. 1991); *Synar v. U.S.*, 626

F. Supp. 1374, 1378-79 (D.D.C. 1986), *aff'd sub nom. Bowsher v. Synar*, 478 U.S. 714 (1986);

*Ameron, Inc. v. U.S. Army Corp of Engineers*, 607 F. Supp. 962, 963 (D.N.J. 1985), *aff'd*, 809

F.2d 979 (3d Cir. 1986); *Barnes v. Carmen¸* 582 F. Supp. 163, 164 (D.D.C. 1984), *rev'd sub*

*nom. Barnes v. Kline*, 759 F.2d 21, 22 (D.C. Cir. 1984),  *rev'd on mootness grounds sub nom.*

*Burke v. Barnes*, 479 U.S. 361, 362 (1987); *In re Production Steel, Inc.*, 48 B.R. 841, 842

(Bankr. M.D. Tenn. 1985); *In re Moody*, 46 B.R. 231, 233 (Bankr. M.D.N.C.1985); *In re Tom*

*Carter Enterprises, Inc.*, 44 B.R. 605, 606 (Bankr. C.D. Cal. 1984); *In re Benny*, 44 B.R. 581,

583 (Bankr. N.D. Cal. 1984), *aff'd in part & dismissed in part*, 791 F.2d 712 (9th Cir. 1986).

---

[2] *See, e.g.*, *Dickerson v. United States*, 530 U.S. 428, 430 n.* (2000); *Raines v. Byrd*, 521 U.S. 811, 818 n.2 (1997); *American Foreign Serv. Ass'n v. Garfinkel*, 490 U.S. 153, 154 (1989); *Morrison v. Olson*, 487 U.S. 654, 659 (1988); *Japan Whaling Ass'n v. American Cetacean Soc'y*, 478 U.S. 221, 223 (1986); *Helstoski v. Meanor*, 442 U.S. 500, 501 (1979); *United States v. Helstoski*, 442 U.S. 477, 478 (1979); *United States v. Renzi*, No. 10-10088, 10-10122 (9th Cir. argued Feb. 17, 2011); *In re: Grand Jury Subpoenas*, 571 F.3d 1200 (D.C. Cir. 2009); *Fields v. Office of Eddie Bernice Johnson*, 459 F.3d 1, 3 (D.C. Cir. 2006) (en banc); *Beverly Enterprises v. Trump*, 182 F.3d 183, 186 (3d Cir. 1999); *United States v. McDade*, 28 F.3d 283, 286 (3d Cir. 1996); *In the Matter of Search of Rayburn House Office Bldg.*, 432 F.Supp.2d 100, 104-05 (D.D.C. 2006), *rev'd sub nom. United States v. Rayburn House Office Bldg.*, 497 F.3d 654 (D.C. Cir. 2007).

In light of the Attorney General's February 23, 2011 announcement, we respectfully suggest that the Court allow the House to intervene here for the limited purpose of defending the constitutionality of Section III of DOMA against the argument that it violates the equal protection component of the Fifth Amendment Due Process Clause.

## ARGUMENT

### I.      Intervention by the House Is Appropriate Here Under Rule 24.

Rule 24(a)(1) provides for intervention as of right where the proposed intervener "is given an unconditional right to intervene by a federal statute," while Rule 24(b)(1)(A) provides for permissive intervention where the proposed intervener "is given a conditional right to intervene by a federal statute."  A "federal statute," namely, 28 U.S.C. § 2403, clearly contemplates that the federal government will defend the constitutionality of an act of Congress when challenged:

> In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn into question, the court . . . *shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.*  The United States shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liability of a party as to the court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

*Id*. § 2403(a) (emphasis added).  Here, of course, the United States is a party, but in light of the Justice Department's decision to decline to play the role contemplated by § 2403(a), it makes sense to allow the House to intervene to discharge that function. *See Chadha*, 462 U.S. at 940; *see also* 28 U.S.C. § 530D(b)(2) (specifically contemplating that House and/or Senate may

intervene to defend constitutionality of federal statute where Justice Department declines to do so).

Ordinarily the Department not only intervenes under § 2403(a) where appropriate, but also more generally represents the United States in the defense of such challenged statutes. *See* 28 U.S.C. § 516 ("Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefore, is reserved to officers of the Department of Justice, under the direction of the Attorney General."). However, where, as here, the Department declines to defend a challenged statute, the Supreme Court has held that the legislative branch may, if it wishes, accept that responsibility: "Congress is the proper party to defend the validity of a statute when an agency of government, as a defendant charged with enforcing the statute, agrees with plaintiffs that the statute is inapplicable or unconstitutional." *Chadha*, 462 U.S. at 940 (citing *Cheng Fan Kwok v. INS*, 392 U.S. 206, 210 n.9 (1968); *United States v. Lovett*, 328 U.S. 303 (1946)). That is the precise situation at issue here. Moreover, as noted above, numerous other courts have followed *Chadha's* direction and permitted the House to intervene to defend the constitutionality of federal statutes. *See supra* at 3.

Accordingly, whether the Court construes 28 U.S.C. § 2403(a) as vesting the legislative branch with an "unconditional right to intervene," Rule 24(a)(1), or a "conditional right to intervene," Rule 24(b)(1)(A), intervention here by the House to defend the constitutionality of Section III of DOMA is clearly appropriate.

**II.     The Court Should Allow Intervention Without Requiring the Filing of a "Pleading"
in Conjunction with the Motion to Intervene.**

Rule 24(c) provides that a motion to intervene should "be accompanied by a pleading that

sets out the claim or defense for which intervention is sought."  In light of Rule 7(a), the only

"pleading" the House could conceivably file here would be an answer to the Amended

Complaint.

The courts of this district, however, have construed Rule 24(c) as a "technical

requirement," *Tachiona ex rel. Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 393 n.8 (S.D.N.Y.

2002), to be applied flexibly in light of its obvious purpose to ensure that the court and the

parties are informed about the would-be intervener's claims or defenses.  "In general, Rule 24(c)

requires the submission of a formal motion and supplemental pleadings in order to trigger the

motion.  Where, however, the position of the movant is apparent from other filings and where the

opposing party will not be prejudiced, Rule 24(c) permits a degree of flexibility with technical

requirements."  *Id*. (citing *Werbungs und Commerz Union Austalt v. Collectors' Guild, Ltd.*, 782

F. Supp. 870, 874 (S.D.N.Y. 1991)); *see also Jones v. Ford Motor Credit Co.*, No. 00-8330,

2004 WL 1586412, at *2 n.1 (S.D.N.Y. July 15, 2004); *Official Comm. of Asbestos Claimants of

G-I Holding Inc. v. Heyman*, No. 01-8539, 2003 WL 22790916, at *4 (S.D.N.Y. Nov. 25, 2003)

("'Although usually, the movant may not merely adopt a pleading of another party, a certain

amount of leeway is allowed where such a practice will not prejudice any of the parties.'")

(quoting *Werbungs und Commerz Union Austalt*, 782 F. Supp. at 874); *McCausland v.

Shareholders Mgmt. Co.*, 52 F.R.D. 521, 522 (S.D.N.Y. 1971) (annexation of claims in

complaint sufficient for "pleading" requirement of Fed. R. Civ. P. 24 where "[n]o doubt exists as

to the precise and detailed nature of the interveners' claim, and [parties] have not been

prejudiced by the failure to annex to the motion a copy of the complaint already served upon them.").

Here, the Court should apply Rule 24(c) flexibly to dispense with the need for the House to file an Answer for several reasons.  First, under the unique circumstances of this case, the motion to intervene itself and this memorandum place the plaintiff on notice of the defense the House will assert in this case, *viz.*, that Section III of DOMA is constitutional under the equal protection component of the Fifth Amendment Due Process Clause.  Moreover, to the extent this litigation requires the resolution of other issues, the House will not participate.  Intervention is sought for the limited purpose of defending Section III on equal protection grounds.  Second, this case is new, no pleadings other than the Complaint and Amended Complaint have been filed to date, and it appears that the constitutional issue can be most appropriately resolved in the context of dispositive cross-motions, without the need for the filing of an Answer, as this Court has previously recognized.  *See* Order (Dec. 3, 2010) (establishing schedule for filing of motion to dismiss, cross-motion for summary judgment, and appropriate responses).  Third, counsel for plaintiff and the Department of Justice agree that the House should not be required to file an Answer or other pleading in conjunction with its motion to intervene.

### CONCLUSION

For all the foregoing reasons, the Court should grant the House's motion to intervene for the limited purpose of defending the constitutionality of Section III of the Defense of Marriage Act from attack on equal protection grounds.

Respectfully submitted,

/s/ Paul D. Clement
Paul D. Clement, Esq.

Of Counsel:                                   Jeffrey S. Bucholtz, Esq.

7

Kerry W. Kircher, General Counsel
John D. Filamor, Senior Assistant Counsel
Christine Davenport, Sr. Assistant Counsel
Katherine E. McCarron, Assistant Counsel
William Pittard, Assistant Counsel
Kirsten W. Konar, Assistant Counsel

Office of General Counsel
U.S. House of Representatives
219 Cannon House Office Building
Washington, D.C.  20515
(202) 225-9700 (phone)
(202) 226-1360 (fax)

Nicholas J. Nelson, Esq.
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 200
Washington, D.C.  20006
(202) 737-0500 (phone)
(202) 626-3737 (fax)

Counsel for the Bipartisan Legal Advisory
Group of the U.S. House of Representatives

April 18, 2011