UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDITH SCHLAIN WINDSOR, in her capacity as Executor of the estate of THEA CLARA SPYER,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Civil Action No. 10-CV-8435 (BSJ)(JCF)<br><br>ECF CASE |

**DEFENDANT'S RESPONSE TO THE MOTION TO INTERVENE**

Defendant the United States of America, through undersigned counsel, hereby responds to the Motion to Intervene filed by the Bipartisan Legal Advisory Group ("BLAG") of the United States House of Representatives. As the Attorney General previously has stated, the Department of Justice is interested in providing Congress a full and fair opportunity to participate in this and other cases challenging the constitutionality of Section 3 of the Defense of Marriage Act ("DOMA"), 1 U.S.C. § 7. Consistent with the Attorney General's statement, the United States does not oppose BLAG's Motion to Intervene to present arguments in support of the constitutionality of Section 3 of DOMA.

The Executive Branch, through the Department of Justice, represents the only defendant, the United States, in this litigation, *see* 28 U.S.C. § 516; *see also Buckley v. Valeo*, 424 U.S. 1, 138 (1976) (the conduct of litigation on behalf of the United States falls exclusively within the President's constitutional powers), and only a judgment against the United States can redress plaintiff's alleged injuries. Although the Executive Branch believes that Section 3 of DOMA is subject to heightened constitutional scrutiny and is unconstitutional under that standard, the Executive departments and agencies will continue to comply with Section 3, pursuant to the

President's direction, unless and until Section 3 is repealed by Congress or there is a definitive ruling by the Judicial Branch that Section 3 is unconstitutional. Accordingly, there remains a live case or controversy between plaintiff and the United States. *See INS v. Chadha*, 462 U.S. 919, 930 (1983). Although Congress's interest in the constitutional validity of a law does not confer standing to enter an action as a party any more than citizens with a generalized grievance would have standing to do so, *see Valley Forge Christian College v. Americans United for Separation for Church and State, Inc.*, 454 U.S. 464, 482-83 (1982); *Newdow v. U.S. Congress*, 313 F.3d 495, 499-500 (9th Cir. 2002), the Executive Branch's continuing role in the litigation, as described further below, ensures the continuing existence of a justiciable case or controversy and makes it unnecessary for BLAG to have an independent basis for standing in order to participate in the litigation to present arguments in support of the constitutionality of Section 3.[1] Accordingly, the United States has attached a proposed order permitting BLAG's intervention, consistent with the Executive Branch's role in this case.

To fulfill the Attorney General's commitment to provide Congress a full and fair opportunity to participate in the litigation, the United States will take the procedural steps necessary to enable BLAG to present arguments in support of the constitutionality of Section 3. The United States intends to file appropriate motions, purely as a procedural matter, to ensure that this Court can consider arguments on both sides of the constitutional issue and that the Court has jurisdiction to enter judgment on the basis of those arguments. This approach is consistent

---

[1] As explained above, the United States is the party defendant in this suit and the Attorney General represents the United States. Section 2403 of Title 28, cited in BLAG's memorandum (at 4-5), is thus inapplicable as a basis for BLAG's intervention. Section 2403(a) provides for certification "to the Attorney General" when an Act of Congress is challenged in a suit to which the United States is not already a party, and provides for intervention by the "United States," which is represented by the Department of Justice. The United States agrees, however, that BLAG's intervention for purposes of presenting arguments in support of the constitutionality of Section 3 is both appropriate and consistent with past practice.

with what the Department of Justice has done in prior cases in which the Executive Branch has taken the position that an Act of Congress is unconstitutional but announced its intention to enforce or comply with the law pending a final judicial determination of the constitutional issue: the cases proceeded, Congress or the Senate or the House of Representatives filed briefs supporting the constitutionality of the statute, and when the lower courts agreed with the Department of Justice's position that the statute was unconstitutional, the Department took appropriate steps to invoke the jurisdiction of the Supreme Court in order to provide an opportunity for that Court's full consideration of the constitutional question.  *See, e.g., Chadha,* 462 U.S at 928, 930-93 (Solicitor General filed an appeal from the Court of Appeals' decision); *United States v. Lovett,* 328 U.S. 303, 306-307 (1946) (Solicitor General filed a petition for a writ of certiorari).

Dated:  May 5, 2011 		Respectfully submitted,

TONY WEST
Assistant Attorney General

ARTHUR R. GOLDBERG
Assistant Branch Director

  /s/   *Jean Lin*
JEAN LIN (NY Bar No. 4074530)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
E-mail:  jean.lin@usdoj.gov
Tel:     (202) 514-3716
Fax:    (202) 616-8470

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2011, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Roberta A. Kaplan
Andrew J. Ehrlich
Paul, Weiss, Rifkind, Wharton & Garrison LLP (NY)
1285 Avenue of the Americas
New York, NY 10019

Alexis B. Karteron
Arthur N. Eisenberg
New York Civil Liberties Union
125 Broad Street
New York, NY 10004

James D. Esseks
Melissa Goodman
Rose A. Saxe
American Civil Liberties Union
Lesbian and Gay Rights Project
125 Broad Street
New York, NY 10004-2400

Paul D. Clement
H. Christopher Bartolomucci
Conor B. Dugan
Bancroft PLLC
1919 M Street, N.W., Suite 470
Washington, D.C. 20006