USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 5/27/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDITH SCHLAIN WINDSOR, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | 10 civ. 8435 (BSJ) (JCF) <br><br> STIPULATION AND [PROPOSED] ORDER GOVERNING PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION |

JAMES FRANCIS, U.S.M.J.:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive personal information that they may need to disclose in connection with discovery in this action; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order — including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1

1.  With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2.  The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential such material that it reasonably and in good faith believes consists of:

    (a)  any information of a personal or intimate nature regarding any individual; or

    (b)  any other category of information this Court subsequently affords confidential status.

3.  With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate documents as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

4.  A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing,

within 30 days after the transcript of the deposition has been received, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the period after the deposition has taken place but before the 30 days following the receipt of the deposition transcript has lapsed, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

    5.    If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

    6.    Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

    7.    Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a)    the Parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers) that counsel hire and assign to this matter;

(d) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) witnesses or deponents and their counsel, during the course of and in preparation for depositions or testimony, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(g) this Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d) and 7(e) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Counsel must retain each signed Non-Disclosure Agreement and

4

produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

> CONFIDENTIAL:
>
> This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

10. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

11. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to

this Court in accordance with the Local Rules of this Court and the Federal Rules of Civil Procedure.

12. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

13. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

14. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. Within 60 days of the final disposition of this action — including all appeals — all recipients of Confidential Discovery Material must either return it — including all copies thereof — to the Producing Party, or, upon permission of the Producing Party, destroy such material — including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a

written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

16. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

17. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

18. This order may be modified by further order of the Court. *JCF*

SO STIPULATED AND AGREED.

                        Respectfully Submitted,

Dated: May 25, 2011    PAUL, WEISS, RIFKIND, WHARTON
                                    & GARRISON LLP

                              By: *Roberta A. Kaplan*
                                   Roberta A. Kaplan, Esq.
                                   Andrew J. Ehrlich, Esq.
                                   1285 Avenue of the Americas
                                   New York, NY 10019

                                   - and -

                                   James D. Esseks, Esq.
                                   Rose A. Saxe, Esq.
                                   AMERICAN CIVIL LIBERTIES UNION
                                   FOUNDATION
                                   125 Broad Street
                                   New York, NY 10004-2400

                                   - and -

                                   Alexis Karteron, Esq.
                                   Arthur Eisenberg, Esq.
                                   NEW YORK CIVIL LIBERTIES UNION
                                   FOUNDATION
                                   125 Broad Street, 19th Floor
                                   New York, NY 10004

                                   *Counsel for Plaintiff*

Dated: May 24, 2011    UNITED STATES DEPARTMENT OF JUSTICE

                              By: *Jean Lin*
                                   Jean Lin, Esq.
                                   20 Massachusetts Ave., N.W., 7th Fl.
                                   Washington, DC 20530

                                   *Counsel for Defendant*

Dated: May 24, 2011            BANCROFT PLLC

                               By: _____
                               Paul D. Clement, Esq.
                               H. Christopher Bartolomucci, Esq.
                               1919 M Street, NW
                               Suite 470
                               Washington, DC 20036

                               *Counsel for The Bipartisan Legal Advisory Group of the*
                               *U.S. House of Representatives*

Dated: New York, New York
       May 26, 2011

                               SO ORDERED:

                               _____
                               HONORABLE JAMES FRANCIS
                               United States Magistrate Judge

9