**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
EDITH SCHLAIN WINDSOR, in her                                :
capacity as Executor of the Estate of THEA                   :
CLARA SPYER,                                                 :
                                                             :
                                          Plaintiff,         :
                                                             :        No.1:10-cv-8435-BSJ-JCF
                      v.                                      :        ECF Case
                                                             :
THE UNITED STATES OF AMERICA                                 :
                                                             :
                                          Defendant.   :
-------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO**
**FILE BRIEF FOR THE STATE OF NEW YORK AS AMICUS CURIAE  IN**
**SUPPORT OF THE PLAINTIFF**

The Attorney General of the State of New York moves for permission to submit the attached brief as amicus curiae.  As explained in more detail in the brief, the State of  New York has a strong interest in the outcome of this case.  First, it has a significant interest in ensuring the effectiveness of the State's recently enacted Marriage Equality Act, ch. 95, § 3, 2011 N.Y. Laws __, and the State's longstanding principle of marriage recognition, which extends to same-sex marriages validly performed elsewhere.  The federal statute at issue in this case, the Defense of Marriage Act, 1 U.S.C. § 7, undermines the full promise of New York's law by discriminating among legally married couples based on sexual orientation and sex.   Both of these classifications merit, and fail to satisfy, heightened equal protection scrutiny.

Second, New York has a significant interest in ensuring that the federal government does not intrude into areas that have been historically within the control of the States, subject to federal constitutional limitations. DOMA is such an intrusion because it displaces the traditional reliance by the federal government on state-law definitions of marriage with a federal definition that is at odds with the definition the New York legislature has adopted. Accordingly, the proposed brief explains that DOMA implicates important federalism concerns that align with the constitutional right to equal protection of the law asserted by the plaintiff.

The proposed brief meets the standard used in this district to determine whether to permit participation by amicus curiae. No rule of this Court governs motions to file amicus briefs. *See Zell/Merrill Lynch Real Estate Opportunity Partners, Ltd. v. Rockefeller Center Props., Inc.*, No. 96 CIV. 1445 (JFK), 1996 WL 120672, at *4 (S.D.N.Y. Mar. 19, 1996). Rather, decisions addressing participation as amicus curiae "are uniform in support of a district court's broad discretion to permit or deny *amici* appearances in a given case." *Id.* These decisions examine whether participation by amicus will be helpful and whether it will prejudice the parties. *Id.*

The proposed brief "may be helpful to the Court" in deciding the parties' dispositive motions, *Zell* at *4, because it elaborates on federalism concerns that the Court should take into account in considering the case, as well as on the Plaintiff's equal-protection argument—including, for example, an argument about why DOMA discriminates on the basis of sex discrimination as well as sexual orientation. And

2

the filing of the proposed brief will not prejudice the parties, because Plaintiff, the United States, and the Intervenors will all have ample opportunity to respond to arguments and information presented in this brief under the Court's briefing schedule.  The Intervenors will have opportunities to respond on August 1, 2011, when they file their motion to dismiss and opposition to Plaintiff's motion for summary judgment and on September 9, 2011, when they file their reply in support of their motion to dismiss.  Plaintiff and the United States will have an opportunity to respond on August 19, 2011.


WHEREFORE, it is respectfully requested that this Court grant the Attorney General leave to file the attached amicus curiae brief.

Dated: July 26, 2011.

Respectfully submitted,

ERIC T. SCHNEIDERMAN
  *Attorney General of the*
  *State of New York*
BARBARA D. UNDERWOOD
  *Solicitor General*
BENJAMIN N. GUTMAN
  *Deputy Solicitor General*


By:    /s/  Simon Heller
       SIMON HELLER
        *Assistant Solicitor General*
       120 Broadway, 25th floor
       New York, NY 10271
       P: 212-416-8020
       F: 212-416-8962
       simon.heller@ag.ny.gov