```
UNITED STATES DISTRICT COURT            (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
EDITH SCHLAIN WINDSOR, in her           : 10 Civ. 8435 (BSJ) (JCF)
capacity as Executor of the             :
Estate of THEA CLARA SPYER,             :    MEMORANDUM
                                        :    AND ORDER
              Plaintiff,                :
                                        :
    - against -                         :
                                        :
THE UNITED STATES OF AMERICA,           :
                                        :
              Defendant.                :
- - - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/2011

Edith Schlain Windsor brings this action challenging the constitutionality of Section 3 of the Defense of Marriage Act ("DOMA"), 1 U.S.C. § 7, on the ground that it discriminates against her on the basis of her sexual orientation in violation of the equal protection component of the Fifth Amendment. Ms. Windsor's claim arises from the fact that, upon the death of her spouse, Thea Spyer, the government refused to apply the estate tax marital deduction on the basis of DOMA. The Bipartisan Legal Advisory Group of the United States House of Representatives ("BLAG") has intervened as a party defendant in order to present arguments for upholding DOMA. Accordingly, during the course of discovery, the plaintiff served BLAG with interrogatories and requests for admission. BLAG objected to all of the interrogatories and most of the requests for admission. The plaintiff has now submitted a

1

letter motion pursuant to Rule 37 of the Federal Rules of Civil Procedure seeking an order compelling BLAG to respond. For the reasons that follow, the plaintiff's motion is granted in part and denied in part.

Discussion

On May 11, 2011, I issued a scheduling order providing in part that the parties would exchange written discovery requests by June 3, 2011 and that all discovery would be completed by July 11, 2011. In accordance with that schedule, the plaintiff served BLAG with requests for admission and interrogatories on June 3, and BLAG served its responses and objections on July 8. After the parties met and conferred and were unable to resolve their disputes over BLAG's objections, the plaintiff submitted the instant motion.

A. Interrogatories

The two interrogatories pressed by the plaintiff ask "What, if anything, do you contend are the compelling justifications for section 3 of DOMA, 1 U.S.C. § 7?" (Interrogatory no. 1) and "What, if anything, do you assert are the legitimate government interests rationally advanced by section 3 of DOMA, 1 U.S.C. § 7?" (Interrogatory no. 3). BLAG objects to both on the ground that, to the extent they are construed as contention interrogatories, they are premature. That argument is disingenuous; at the time BLAG responded, the discovery deadline was three days away, and it is

2

now closed.

BLAG also objects to Interrogatory no. 1 because "it assumes the legal conclusion that Congress required a compelling justification to enact Section 3 of DOMA." In fact, the interrogatory assumes only that, if the Court finds strict scrutiny to be the appropriate standard of review, BLAG may wish to proffer compelling justifications for DOMA. The plaintiff is entitled to know what those justifications are, and BLAG is therefore directed to answer Interrogatory 1.

In response to Interrogatory no. 3, BLAG sets forth authority for the proposition that under rational basis analysis, there is no need to demonstrate the basis on which the legislature actually chose to create classifications. That may be an accurate summary of the law, but it misses the point. BLAG will presumably suggest to the Court potentially rational grounds for the enactment of DOMA, and it must disclose those to the plaintiff in response to a proper contention interrogatory. Accordingly, BLAG shall answer Interrogatory no. 3 as well.

Requests for Admission

Fourteen requests for admission ("RFAs") are in dispute. The first asks BLAG to

> [a]dmit that if, at the time of her death, Thea Spyer had been married to a man instead of a woman, who was a U.S. citizen and who survived Thea Spyer's death, her estate

>would have qualified for the estate tax marital deduction, 26 U.S.C. § 2056(a), and would not have been liable for any federal estate tax.

(RFA no. 1). Although BLAG acknowledges that opposite-sex spouses may qualify for the estate tax marital deduction, it denies knowledge or information sufficient to admit or deny the specific request for admission. It is not conceivable that BLAG lacks the wherewithal to make a determination based on the tax forms that Ms. Windsor has produced in discovery whether the estate tax marital deduction would apply if she and Ms. Spyer had been opposite-sex spouses. BLAG shall either admit or deny RFA no. 1.

The balance of the RFAs at issue seek admissions about sweeping historical and sociological phenomena. For example, RFA no. 3 requests that BLAG "[a]dmit that in the twentieth century and continuing to the present, lesbians and gay men have experienced a history of unequal treatment in the United States because of their sexual orientation." Similarly, RFA no. 10 seeks an admission that "sexual orientation is unrelated to an individual's ability to perform in society." And RFA no. 14 asks BLAG to "[a]dmit that lesbians and gay men are generally no less capable of loving, nurturing, and supporting their children than heterosexual men and women."

Requests for admission are ill-suited to such complex issues. Any complete answer to the questions posed here could fill volumes

Case 1:10-cv-08435-BSJ-JCF   Document 43   Filed 07/28/11   Page 5 of 6

and would not serve to streamline this litigation. Had the RFAs been framed as contention interrogatories -- for example, "Does BLAG contend that lesbians and gay men have not experienced a history of unequal treatment in the United States because of their sexual orientation?" -- they might have served a purpose in flushing out BLAG's litigation position. But they are not appropriate requests for admission, and BLAG need not respond further to them.

Conclusion

For the reasons discussed above, the plaintiff's letter motion to compel is granted to the extent that BLAG shall answer Interrogatories 1 and 3 and RFA no. 1 by August 1, 2011. In all other respects, the motion is denied.

SO ORDERED.

*[signature: James C. Francis IV]*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       July 28, 2011

Copies mailed this date:

Roberta A. Kaplan, Esq.
Andrew J. Ehrlich, Esq.
Paul Weiss Rifkind Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019

Alexis B. Karteron, Esq.
Arthur N. Eisenberg, Esq.
Melissa Goodman, Esq.
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, New York 10004

James D. Esseks, Esq.
Rose A. Saxe, Esq.
American Civil Liberties Union Foundation
Lesbian and Gay Rights Project
125 Broad Street, 18th Floor
New York, New York 10004

Paul D. Clement, Esq.
H. Christopher Bartolomucci, Esq.
Bancroft PLLC
1919 M Street, NW
Suite 470
Washington, DC 20036

Jean Lin, Esq.
U.S. Department of Justice
Civil Division
20 Massachusetts Avenue, N.W., 7th Fl.
Washington, DC 20530