UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                    )
EDITH SCHLAIN WINDSOR, in her       )
capacity as executor of the estate of )
THEA CLARA SPYER,                   )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   Civil Action No. 10-CV-8435 (BSJ)(JCF)
                                    )
THE UNITED STATES OF AMERICA,       )
                                    )
        Defendant.                  )
_____)

**MEMORANDUM OF LAW OF INTERVENOR-DEFENDANT
IN SUPPORT OF ITS MOTION FOR
CLARIFICATION, ADDITIONAL PAGES, AND LEAVE TO FILE SUR-REPLY**

Intervenor-Defendant, the Bipartisan Legal Advisory Group of the United States House of Representatives (the "House"), through its undersigned counsel, has moved today for clarification of the Court's August 29, 2011 "Set/Reset Deadlines" docket entry, for additional pages in submitting its reply in support of its motion to dismiss, and for leave to file a sur-reply in opposition to Plaintiff's motion for summary judgment. The reasons for this motion are stated below.

**BACKGROUND**

On May 11, 2011, the Court issued its Revised Scheduling Order, which imposed a briefing schedule for both any motion for summary judgment that Plaintiff might file and any motion to dismiss that the House might file. *See* Revised Scheduling Order (May 11, 2011) (ECF No. 22). For Plaintiff's potential motion for summary judgment, the Court required Plaintiff to file her motion for summary judgment by June 24, 2011, the House to file any

opposition to that motion by August 1, 2011, and Plaintiff to file any reply by August 19, 2011. *See id.* ¶¶ 9-11. For the House's motion to dismiss, the Court required the House to file its motion to dismiss by August 1, 2011, Plaintiff to file any opposition by August 19, 2011, and the House to file any reply by September 9, 2011. *See id.* ¶¶ 10-12.

On August 11, 2011, Plaintiff requested from the Court, among other things, a page limit expansion, of up to thirty-five (35) pages, to oppose the House's motion to dismiss. *See* Letter from Pl. to Court (Aug. 11, 2011) (not docketed). On August 15, 2011, the Court granted that request, *see* Order (Aug. 15, 2011) (ECF No. 68), and, on August 19, 2011, Plaintiff filed a thirty-five (35) page opposition, *see* Pl.'s Mem. of Law in Opp'n to Def.-Intervenor's Mot. to Dismiss (Aug. 19, 2011) (ECF No. 70).

Meanwhile, on August 15, 2011, the Court suspended Plaintiff's obligation to file any reply in support of her motion for summary judgment, pending resolution of Plaintiff's motion to strike certain portions of the House's opposition. *See* Order (ECF No. 68) (Aug. 15, 2011). After denying Plaintiff's motion to strike, on August 29, 2011, the Court imposed a new, September 16, 2011 deadline for that reply, *see* Order (Aug. 29, 2011) (ECF No. 75). In doing so, the Court granted Plaintiff's request to expand her reply brief to thirty (30) pages, notwithstanding that the House opposition to which Plaintiff's reply brief will respond used only twenty-five (25) pages. *See id.*; House Summ. J. Opp'n (Aug. 1, 2011) (ECF No. 50). Also on August 29, 2011, the Court issued a docket entry that reads in full: "Set/Reset Deadlines: Replies due by 9/16/2011. (js)." Docket (Aug. 29, 2011) (No ECF No.).

## ARGUMENT

The House seeks clarification that the "Set/Reset Deadlines" docket entry references both outstanding reply briefs: Plaintiff's reply in support of her motion for summary judgment and

the House's reply in support of its motion to dismiss.  The House considers this the most sensible reading of the docket entry, given its reference to "Deadlines" plural and "Replies" plural.  The House also considers this reading appropriate in light of (1) the fact that the Court's initial scheduling order included a deadline for Plaintiff's summary judgment reply that was earlier than the House's reply in support of dismissal and (2) the uncertainty to the briefing schedule imposed by Plaintiff's interposition of her failed motion to strike.  *See* Notice of Mot. to Strike Documents Referenced by Def.-Intervenor in Opp'n to Pl.'s Mot. for Summ. J (Aug. 10, 2011) (ECF No. 65); Mem. of Law in Supp. of Mot. to Strike Documents Referenced by Def.-Intervenor in Opp'n to Pl.'s Mot. for Summ. J. (Aug. 10, 2011) (ECF No. 66); Letter from Plaintiff to Court (Aug. 11, 2011) (not docketed); Second Letter from Plaintiff to Court (Aug. 12, 2011) (not docketed); Third Letter from Plaintiff to Court (also Aug. 12, 2011) (not docketed); Reply Mem. in Supp. of Mot. to Strike Documents Referenced by Def.-Intervenor in Opp'n to Pl.'s Mot. for Summ. J. (Aug. 22, 2011) (ECF No. 73); Order (Aug. 29, 2011) (ECF No. 75) (denying Plaintiff's motion).  In the alternative, if the applicable docket entry was intended to apply only to Plaintiff's reply in support of her motion for summary judgment, the House respectfully requests an extension of time to file its reply memorandum in support of dismissal to and including September 16, 2011, to correspond with the deadline for Plaintiff's reply.

In conjunction with its request for clarification of the date by which it must file its reply in support of its motion to dismiss, the House also requests up to seventeen (17) pages for that reply.  Plaintiff's opposition to the House's motion to dismiss is thirty-five (35) pages long.  Accordingly, the House seeks to respond with less than half the pages used by Plaintiff.  Seventeen (17) pages will allow the House fully to address Plaintiff's arguments.

Finally, the House also seeks leave to file a sur-reply in opposition to Plaintiff's motion for summary judgment. Plaintiff filed a Notice of Motion for Summary Judgment (June 24, 2011) (ECF No. 28), a forty-three (43) page Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment (June 24, 2011) (ECF No. 29), and seven declarations in support (averaging more than fifty-eight numbered paragraphs each, and appending exhibits), *see* Assorted Decls. (June 24, 2011) (ECF Nos. 30-36). The House responded with a twenty-five (25) page opposition, *see* House Summ. J. Opp'n (Aug. 1, 2011) (ECF No. 50), and a single eight (8) numbered paragraph declaration, *see* Decl. (Aug. 1, 2011) (ECF No. 54), to which Plaintiff now will reply with up to thirty (30) additional pages, *see* Order (Aug. 29, 2011) (ECF No. 75). Accordingly, the House seeks leave to file a sur-reply of moderate length, fifteen (15) pages. Even if the House were to use all of those requested pages, it will have responded to Plaintiff's extensive briefing with just over half of the pages expended by Plaintiff (*not* counting Plaintiff's voluminous declarations and exhibits).

Moreover, the Court's original scheduling order contemplated that briefing on Plaintiff's motion for summary judgment should begin before the House's motion to dismiss, overlap with briefing on the motion to dismiss for a period, and then conclude before the completion of briefing on the House's motion. The effect of the extension of time occasioned by Plaintiff's motion to strike, however, has been that, absent a House sur-reply, Plaintiff would have both the first and the last word in briefing dispositive motions in this case. Permitting a short sur-reply by the House thus would restore the balance contemplated in the original scheduling order not only in terms of the number of pages for each side's briefing, but also in the timing of that briefing.

The House suggests Friday, September 30, 2011, as an appropriate due date for its sur-reply. This would provide the House two weeks to respond to Plaintiff's reply brief, for which Plaintiff had seven weeks to respond to the House's opposition.

## CONCLUSION

Accordingly, the House respectfully requests that the Court (1) clarify the August 29, 2011 "Set/Reset Deadlines" docket entry to make express that the House reply in support of its motion to dismiss is due Friday, September 16, 2011, or, in the alternative, extend the deadline for the House's reply in support of dismissal to that date to correspond with the filing date for Plaintiff's reply brief in support of summary judgment; (2) permit the House up to seventeen (17) pages for its reply in support of its motion to dismiss; and (3) grant the House leave to file a sur-reply in opposition to Plaintiff's motion for summary judgment, which sur-reply shall be up to fifteen (15) pages in length and shall be filed on or before September 30, 2011.

        Respectfully submitted,

        */s/ Paul D. Clement*
        Paul D. Clement
        H. Christopher Bartolomucci
        Conor B. Dugan
        Nicholas J. Nelson
        BANCROFT PLLC
        1919 M Street, Northwest, Suite 470
        Washington, District of Columbia  20036
        Telephone:     (202) 234-0090
        Facsimile:      (202) 234-2806

        *Counsel for the Bipartisan Legal Advisory*
        *Group of the U.S. House of Representatives*

OF COUNSEL:

Kerry W. Kircher, General Counsel
Christine Davenport, Senior Assistant Counsel
Katherine E. McCarron, Assistant Counsel
William Pittard, Assistant Counsel
Kirsten W. Konar, Assistant Counsel
OFFICE OF GENERAL COUNSEL
U.S. House of Representatives
219 Cannon House Office Building
Washington, District of Columbia  20515
Telephone:     (202) 225-9700
Facsimile:      (202) 226-1360

September 2, 2011

## CERTIFICATE OF SERVICE

I certify that on September 2, 2011, I served one copy of the Memorandum of Law of Intervenor-Defendant in Support of Its Motion for Clarification, Additional Pages, and Leave To File Sur-Reply by CM/ECF and by electronic mail (.pdf format) on the following:

Roberta A. Kaplan, Esquire, & Andrew J. Ehrlich, Esquire
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York City, New York  10019-6064
rkaplan@paulweiss.com
aehrlich@paulweiss.com

Alexis Karteron, Esquire, & Arthur Eisenberg, Esquire
NEW YORK CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 19th Floor
New York City, New York  10004
akarteron@nyclu.org
arteisenberg@nyclu.org

James D. Esseks, Esquire, Melissa Goodman, Esquire, & Rose A. Saxe, Esquire
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street
New York City, New York  10004
jesseks@aclu.org
mgoodman@nyclu.org
rsaxe@aclu.org

Jean Lin, Esquire
UNITED STATES DEPARTMENT OF JUSTICE, CIVIL DIVISION
20 Massachusetts Avenue, Northwest, Seventh Floor
Washington, District of Columbia  20530
jean.lin@usdoj.gov

Simon Heller, Esquire
STATE OF NEW YORK OFFICE OF THE ATTORNEY GENERAL
120 Broadway
New York City, New York  10271
simon.heller@ag.ny.gov

*/s/ Kerry W. Kircher*
Kerry W. Kircher